**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVSION**

| | | |
|---|---|---|
| **ROBBIE KELLY and** | § | |
| **KEVEN ROBERTSON,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 7:11-cv-00072-O** |
| | § | |
| **CHRIST ACADEMY   f/k/a,** | § | |
| **THE EPISCOPAL SCHOOL** | § | |
| **OF WICHITA FALLS, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S OBJECTIONS TO
PLAINTIFF ROBBIE KELLY'S WITNESS LIST**

Defendant Christ Academy f/k/a The Episcopal School of Wichita Falls, Inc. ("Christ Academy") files its Objections to Plaintiff Robbie Kelly's Witness List.

**I.
CHRIST ACADEMY'S OBJECTIONS TO PLAINTIFF ROBBIE KELLY'S WITNESS LIST**

**A.     Christ Academy objects to Kelly's designation of Dick Bundy, Martha Fain, David Hartwell, Linda Holbrook, Robert Holbrook, Ty Smith and Julia Vasquez as witnesses.**

Christ Academy objects to Plaintiff Robbie Kelly ("Kelly") designating Dick Bundy, Martha Fain, David Hartwell, Linda Holbrook, Robert Holbrook, Ty Smith and Julia Vasquez as witnesses in this case because Kelly has failed to previously disclose these individuals as potential witnesses.   Kelly failed to identify these potential witnesses in her disclosures as required by Rule 26(a) and (e) of the Federal Rules of Civil Procedure. *Exhibit A.*

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. FED. R. CIV.

P. 37(c)(1).  The sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. *Salgado v. General Motors Corp.*, 150 F.3d 735 (7th Cir. 1998).

In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (a) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (b) may inform the jury of the party's failure; and (c) may impose other appropriate sanctions including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). FED. R. CIV. P. 37(c)(1).  Rule 37(b)(2)(A)(i)-(vi) sets forth the available sanctions for a party's failure to obey a discovery order, including but not limited to the following: (a) prohibiting the disobedient party from… introducing designated matters into evidence;  (b) striking pleadings in whole or in part; (c) dismissing the action or proceeding in whole or in part; (d) rendering a default judgment against the disobedient party; or (e) treating as contempt of court the failure to obey any order. FED. R. CIV. P. 37(b)(2)(A).

Kelly's failure to timely disclose these witnesses is not substantially justified or harmless. Kelly's failure to identify these witnesses during the discovery phase has denied Christ Academy the opportunity to ever depose them regarding their potential knowledge and fully prepare for trial.  Accordingly, Kelly should be prevented from calling Dick Bundy, Martha Fain, David Hartwell, Linda Holbrook, Robert Holbrook, Ty Smith and Julia Vasquez as witnesses during the trial of this case.

Further, in the event that such testimony is not excluded based on Kelly's failure to previously identify these individuals as potential witnesses, Christ Academy objects to the testimony of Dick Bundy, Martha Fain, David Hartwell, Linda Holbrook, Robert Holbrook, Ty Smith and Julia Vasquez as not relevant to any issue to be decided by the jury, and should

therefore be excluded pursuant to the Rules 401 and 402 of the Federal Rules of Evidence. Furthermore, and alternatively, any probative value of the anticipated testimony of these witnesses is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence, pursuant to Rule 403 of the Federal Rules of Evidence.

Kelly states that Mr. Bundy and Mr. Hartwell will testify regarding their interaction with Kelly as Development Director. However, Mr. Bundy and Mr. Hartwell's opinion of Kelly's job performance is irrelevant as it is only Christ Academy's perception, as the decision-maker, that is relevant. *See Gee v. Principi*, 289 F.3d 342, 346 (5th Cir. 2002).

With respect to Ms. Fain, Kelly states that Ms. Fain may testify regarding her donations to Christ Academy and her intention to withdraw her pledge if Kelly was no longer employed by Christ Academy. Ms. Fain's donations and pledges to Christ Academy are completely irrelevant to Kelly's causes of action for gender discrimination and retaliation, as well as the Board of Trustees' decision to eliminate the position of Development Director. Fed. R. Evid. 401–402.

Similarly, the anticipated testimony of Ms. Holbrook, Mr. Holbrook and Mr. Smith regarding any emotional distress purportedly suffered by Kelly is not relevant to any issue to be decided by the jury, and should therefore be excluded pursuant to Rules 401 and 402 of the Federal Rules of Evidence.

Finally, with respect to Ms. Vasquez, Kelly states that Ms. Vasquez may testify regarding her observations as a parent of a student of Christ Academy of the Board's decision-making process. To the extent that this testimony is not excluded as a result of Kelly's failure to previously identify Ms. Vasquez as a potential witness, Christ Academy objects to this testimony

as it is not relevant to Kelly's causes of action for gender discrimination and retaliation, and should therefore be excluded.  FED. R. EVID. 401–402.

## B.     Christ Academy objects to Kelly calling Denise Krzewinski, Sara Lindemann and John Krzewinski as witnesses.

Christ Academy objects to Kelly calling Denise Krzewinski, Sara Lindemann and John Krzewinski as witnesses in this case.  Ms. Krzewinski, Ms. Lindemann and Mr. Krzewinski have not been deposed in this case.  Kelly states that Ms. Krzewinski will testify regarding Christ Academy's purported discriminatory employment practices, and that Ms. Lindemann will testify regarding alleged discriminatory comments purportedly made by Athletic Director Tommy Sugg.  Kelly also indicates that Mr. Krzewinski will testify regarding his interactions with various Board members, employees and others associated with Christ Academy.  Such anticipated testimony by these witnesses is not relevant to Kelly's causes of action for gender discrimination and retaliation.  FED. R. EVID. 401–402.  To the extent that these witnesses may testify regarding discriminatory or unfair treatment, if any, that they allegedly experienced while employed by Christ Academy, the same is irrelevant and should be excluded.  FED. R. EVID. 401–403; *see Goff v. Continental Oil Co*., 678 F.2d 593, 596 (5th Cir. 1982), overruled on other grounds by *Carter v. South Cent. Bell*, 912 F.2d 832 (5th Cir. 1990).  Christ Academy respectfully submits that the testimony of these witnesses is therefore not relevant to any issue to be decided by the jury, and should therefore be excluded pursuant to the Rules 401 and 402 of the Federal Rules of Evidence.  Furthermore, and alternatively, any probative value of the anticipated testimony of these witnesses is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence, pursuant to Rule 403 of the Federal Rules of Evidence.

**C.      Christ Academy objects to Kelly calling Gary Rodgers as a witness.**

Christ Academy objects to Kelly calling Gary Rodgers as a witness in this case.  Kelly uses boilerplate language to describe his anticipated testimony, stating that he may testify regarding his experiences at the school and his knowledge of events related to the elimination of Kelly's position.  Mr. Rodgers has not been deposed.  Mr. Rodgers was not involved in the decision to eliminate Kelly's position and as such his testimony is not relevant to Kelly's causes of action for gender discrimination and retaliation.  FED. R. EVID. 401–402.  To the extent that Mr. Rodgers may testify regarding his interaction with Denise Krzewinski or any other employee of Christ Academy, the same is irrelevant and should be excluded.  FED. R. EVID. 401–402.  Christ Academy respectfully submits that the testimony of Mr. Rodgers is therefore not relevant to any issue to be decided by the jury, and should therefore be excluded pursuant to the Rules 401 and 402 of the Federal Rules of Evidence.  Furthermore, and alternatively, any probative value of the anticipated testimony of Mr. Rodgers is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence, pursuant to Rule 403 of the Federal Rules of Evidence.

**D.      Christ Academy objects to Kelly calling Richard Bradford as a witness.**

Christ Academy also objects to Kelly calling Richard Bradford as a witness in this case.  Mr. Bradford has not been deposed in this case.  Kelly indicated that Mr. Bradford will testify regarding Ms. Kelly's job performance as Development Director and her purported dedication to the school and her work.  Christ Academy objects to the testimony of Mr. Kelly as it is not relevant to any issue to be decided by the jury, and should therefore be excluded pursuant to Rules 401 and 402 of the Federal Rules of Evidence.  Mr. Bradford's subjective belief about Ms.

Kelly's job performance is not relevant; only Christ Academy's perception, as the decision-maker, is relevant. *See Gee*, 289 F.3d at 346. Further, and alternatively, any probative value of the anticipated testimony of Mr. Bradford is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence, pursuant to Rule 403 of the Federal Rules of Evidence.

**E.      Christ Academy objects to Kelly calling John Kelly as a witness.**

Christ Academy also objects to Kelly calling John Kelly as a witness in this case. Mr. Kelly has not been deposed in this case. Kelly indicates that Mr. Kelly will testify regarding mental anguish and emotional distress purportedly suffered by Kelly. Christ Academy contends that the testimony of Mr. Kelly is not relevant to any issue to be decided by the jury, and should therefore be excluded pursuant to Rules 401 and 402 of the Federal Rules of Evidence. Further, and alternatively, any probative value of the anticipated testimony of Mr. Kelly is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence, pursuant to Rule 403 of the Federal Rules of Evidence.

<u>**PRAYER**</u>

Defendant Christ Academy f/k/a The Episcopal School of Wichita Falls, Inc. respectfully requests that this Court grant its objections to Plaintiff Robbie Kelly's Witness List and not allow Kelly to call Dick Bundy, Martha Fain, David Hartwell, Linda Holbrook, Robert Holbrook, Ty Smith, Julia Vasquez, Denise Krzewinski, Sara Lindemann, John Krzewinski, Gary Rodgers, Richard Bradford and John Kelly as witnesses during the trial of this case.

Respectfully submitted,

HERMES SARGENT BATES, LLP
901 Main Street, Suite 5200
Dallas, Texas 75202
214.749.6000
(f) 214.749.6100


By:   *Monte K. Hurst*

Monte K. Hurst
State Bar No. 00796802
Lauren Z. Farkas
State Bar No. 24066334

*Counsel for Defendant Christ Academy
f/k/a The Episcopal School of Wichita Falls,
Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2012, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the Court.  The electronic case files system sent a "Notice of Electronic Filing" to the following individual who has consented in writing to accept this Notice as service of this document by electronic means:

Mr. Rod Tanner
TANNER AND ASSOCIATES, P.C.
1205 North Main Street
Fort Worth, Texas 76164

Ms. Karen K. Fitzgerald
KLEIMAN LAWRENCE BASKIND FITZGERALD LLP
8350 N. Central Expressway, Suite 650
Dallas, Texas 75206


*Monte K. Hurst*

Monte K. Hurst